UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ELSA CHAVEZ, individually only, and
CARLO ESCAMILLA, on behalf of himself, individually,
and also on behalf of all others similarly-situated,

                               **COMPLAINT**

             Plaintiffs,                 **Docket No.: 17-cv-8484**

        -against-                  <u>Jury Trial Demanded</u>

MORANO LANDSCAPE GARDEN DESIGNS, LTD.,
and ROSINA MORANO SAGLIOCCO, individually,

             Defendants.
-----------------------------------------------------------------------X

      Plaintiffs, ELSA CHAVEZ ("Chavez"), on behalf of herself individually only, and CARLO ESCAMILLA ("Escamilla"), on behalf of himself, individually, and also on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through their attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for their Complaint against MORANO LANDSCAPE GARDEN DESIGNS, LTD. ("MLGD") and ROSINA MORANO SAGLIOCCO ("Morano"), individually, (together, as "Defendants"), allege upon knowledge as to themselves and their own actions and upon information and belief as to all other matters as follows:

<u>**NATURE OF THE CASE**</u>

      1.    This is a civil action for damages and equitable relief based upon willful violations that the Defendants committed of Plaintiffs' rights guaranteed to them by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the minimum wage provisions of the FLSA, 29 U.S.C. § 206(a); (iii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR")

1

tit. 12, § 142-2.2; (iv) the minimum wage provisions of the NYLL and NYCCRR, NYLL § 652; 12 NYCCRR § 142-2.1; (v) the NYLL's requirement that employers pay their employees an additional one hour's pay at the minimum wage rate if their employees' spread of hours exceeds ten in a workday, NYLL § 652; 12 NYCCRR § 142-2.4; (vi) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); and (vii) any other claim(s) that can be inferred from the facts set forth herein.

2.      MLGD is a landscaping and garden design business and Morano is its owner and day-to-day overseer.

3.      Plaintiff Chavez worked for Defendants as a personal assistant/housekeeper from May 1991 to on or about May 11, 2016, while Plaintiff Escamilla worked for Defendants as a landscaper from December 2009 to in or about February 2016.

4.      With respect to Plaintiff Chavez's employment as a housekeeper, throughout her employment, but as is relevant here, for the six-year period pre-dating the commencement of this action, Defendants paid Chavez a flat weekly salary of $400.00 per week that was intended to cover only the first forty hours that she worked per week.  But from the second week of September until the middle of June each year, Defendants required Plaintiff Chavez to work forty-nine hours per week.  Then from the second half of June through the first week of September each year, Defendants required Chavez to work 108 hours per week.  Thus, Defendants failed to pay Chavez at any rate of pay, much less at the rate of time and one-half her straight-time rate for any hours that she worked in excess of forty each week, in violation of the FLSA and NYLL.  Additionally, Plaintiff Chavez's hourly rate of pay often fell below the

minimum rate that either the FLSA or NYLL require for each hour worked, resulting in minimum wage violations under both statutes.

5.    With respect to Plaintiff Escamilla's employment as a landscaper, throughout his employment, but as is relevant here, for the six-year period pre-dating the commencement of this action, Defendants paid Escamilla a flat weekly salary of $426.00 per week that was intended to cover only the first forty hours that he worked per week. From March through June of each year, Defendants required Plaintiff Escamilla to work 75.25 hours per week. Then from July through February of each year, Defendants required Escamilla to work 64.5 hours per week. Thus, Defendants failed to pay Escamilla at any rate of pay, much less at the rate of time and one-half his straight-time rate for any hours that he worked in excess of forty each week, in violation of the FLSA and NYLL. Additionally, Plaintiff Escamilla's hourly rate of pay fell below the minimum rate that either the FLSA or NYLL require for each hour worked, resulting in minimum wage violations under both statutes.

6.    Additionally, during at least the previous six-years, Defendants failed to pay both Plaintiffs an extra hour's pay at the minimum wage rate for all days when their spread of hours worked exceeded ten, nor did they provide Plaintiffs with proper wage statements on each payday as the NYLL and/or NYCCRR require.

7.    Defendants paid and treated all of their landscapers in the same manner.

8.    Accordingly, while Plaintiff Chavez brings this lawsuit on behalf of herself only, Plaintiff Escamilla brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA. Plaintiff Escamilla brings

his claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who joins this action.

9.      Plaintiff Escamilla also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

10.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

11.      Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred in this judicial district.

## PARTIES

12.      At all relevant times herein, Plaintiffs worked for Defendants in New York and were "employees" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

13.      At all relevant times, MLGD was and is a corporation organized under the laws of the State of New York, with its principal place of business located at 543 Halstead Avenue, Mamaroneck, New York 10543.

14.      At all relevant times herein, Defendant Morano was and is the owner and day-to-day supervisor of all of Defendant MLGD's employees, including Plaintiffs.

15.    At all relevant times herein, Defendants were and are "employers" within the meaning of the FLSA and the NYLL.  Additionally, Defendant MLGD's qualifying annual business exceeded and exceeds $500,000, and Defendant MLGD was and is engaged in interstate commerce within the meaning of the FLSA as it services clients in both New York and Connecticut, and requires its employees to handle cleaning supplies and tools that originated in states other than New York on a daily basis, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

16.    Plaintiff Escamilla seeks to bring this suit to recover from Defendants unpaid overtime compensation, minimum wages, and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former landscapers of Defendants who, during the applicable FLSA limitations period, performed any work for Defendants and who give consent to file a claim to recover damages for overtime compensation and/or minimum wages that is legally due to them ("FLSA Plaintiffs").

17.    Defendants treated Plaintiff Escamilla and all FLSA Plaintiffs similarly in that Plaintiff Escamilla and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; (5) were not paid the required one and one-times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours that they worked per workweek in excess of forty; and/or (6) were not paid at least the statutory minimum wage rate for all hours worked.

18.    At all relevant times herein, Defendants are and have been aware of the requirements to pay Plaintiff Escamilla and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked each workweek above forty, and of the requirement to pay Plaintiff Escamilla and all FLSA Plaintiffs at least the statutory minimum wage rate for all hours worked, yet they purposefully and willfully chose and choose not to do so.

19.    Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, and/or at the statutorily-set minimum wage for all hours worked, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

20.    In addition, Plaintiff Escamilla seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on his own behalf, as well as on behalf of those who are similarly situated who, during the applicable limitations period, were subjected to violations of the NYLL and the NYCCRR.

21.    Under FRCP 23(b)(3), Plaintiff Escamilla must plead that:

  a. The class is so numerous that joinder is impracticable;

  b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

  c. Claims or defenses of the representative are typical of the class;

  d. The representative will fairly and adequately protect the class; and

  e. A class action is superior to other methods of adjudication.

22.    Plaintiff Escamilla seeks certification of the following FRCP 23 class:

> Current and former landscapers who performed any work for
> Defendants during the previous six years within the State of New
> York who: (1) worked over forty hours in a workweek; and/or (2)
> were paid sub-minimum hourly rates; and/or (3) worked on days
> where their shifts exceeded ten hours from start-time to finish
> ("Rule 23 Plaintiffs").

<u>Numerosity</u>

23.    During the previous six years the Defendants have, in total, employed at least

forty employees that are putative members of this class.

<u>Common Questions of Law and/or Fact</u>

24.    There are questions of law and fact common to each every Rule 23 Plaintiff that

predominate over any questions solely affecting individual members of the FRCP 23 class,

including but not limited to the following: (1) the duties that the Defendants required and require

each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff; (3)

whether Rule 23 Plaintiffs worked in excess of forty hours per week; (4) whether the Defendants

failed to pay Rule 23 Plaintiffs proper overtime compensation for all hours worked in excess of

forty hours in a week; (5) whether the Defendants failed to pay Rule 23 Plaintiffs at least the

statutory minimum wage rate for all hours worked; (6) whether the Defendants failed to pay Rule

23 Plaintiffs an additional hour's pay at the statutory minimum wage rate for all days during

which their spread of hours exceeded ten; (7) whether the Defendants failed to furnish Rule 23

Plaintiffs with accurate wage statements on each payday containing the information required by

N.Y. Lab. Law § 195(3); (8) whether the Defendants kept and maintained accurate records of

hours worked by Rule 23 Plaintiffs; (9) whether the Defendants kept and maintained records

with respect to the compensation that they paid to the Rule 23 Plaintiffs for each hour worked;

(10) whether the Defendants have any affirmative defenses to any of the Rule 23 Plaintiffs'

claims; (11) whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; and (12) if so, what constitutes the proper measure of damages.

<u>Typicality of Claims and/or Defenses</u>

25.     As described in the "Background Facts" section below, the Defendants employed Plaintiff Escamilla and Rule 23 Plaintiffs within the meaning of the NYLL.  Escamilla's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for the Defendants in New York, and the Defendants did not pay them overtime pay for all hours worked in a week over forty or at the minimum wage for each hour worked, nor did Defendants furnish them with spread of hours pay or proper wage statements when the law required.  Escamilla and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to receive overtime wages for all hours worked each week over forty , to be paid at least the statutory minimum wage rate for all hours worked, to receive spread-of-hours pay when their workdays exceed ten hours, and to be furnished with accurate wage statements on each payday.  Escamilla and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of the Defendants' failure to comply with the NYLL and supporting regulations. Escamilla and the Rule 23 Plaintiffs all have suffered injury, including lack of compensation or under-compensation due to the Defendants' common policies, practices, and patterns of conduct. Thus, Escamilla's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

<u>Adequacy</u>

26.     Plaintiff Escamilla, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with the Defendants.  Defendants did not pay

Escamilla overtime for all hours worked over forty hours in a week, did not pay Escamilla at least the statutory minimum wage rate for all hours worked, did not pay Escamilla an additional hour's pay at the minimum wage rate when his spread of hours in a day exceeded ten, and did not furnish Escamilla with accurate wage statements on each payday, which is substantially similar to how the Defendants paid and treated the Rule 23 Plaintiffs. Escamilla fully anticipates providing discovery responses and testifying under oath as to all of the matters pertaining to him raised in this Complaint and that will be raised in the Defendants' Answer. Thus, Escamilla would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

Superiority

27.     Plaintiff Escamilla has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, the Defendants treated Escamilla identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

28.     Any lawsuit brought by any landscaper of the Defendants would be identical to a suit brought by any other similar employee for the same violations. Thus, separate litigation would risk inconsistent results.

29.     Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

30.     Additionally, Plaintiffs' counsel has substantial experience in this field of law.

## BACKGROUND FACTS AS RELEVANT TO ALL PLAINTIFFS

31.    Defendant MLGD provides commercial and residential landscaping, garden design, distinctive masonry work, and other decorative landscaping services to customers in Westchester County, New York, and Connecticut.

32.    Defendant Morano personally hired Plaintiffs and was responsible for the hiring and firing of many, if not all, other employees of Defendants.  Additionally, Defendant Morano set Plaintiffs' hours and rates of pay, signed their checks, and paid all employees of Defendants.

33.    Defendants paid both Plaintiffs on a weekly basis, partly by check and partly in cash.

34.    On each occasion when they paid Plaintiffs, Defendants failed to provide Plaintiffs with a wage statement that accurately listed, *inter alia*, their actual hours worked for that week, or an accurate listing of their hours worked to be paid at the overtime or straight-time rate of pay.

35.    On each occasion when Plaintiffs worked a day that spanned in excess of ten hours from start to end, Defendants did not provide Plaintiffs with an extra hour's pay at the minimum wage rate.

36.    Defendants treated Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

37.    Defendants acted in this manner to maximize their profits and minimize their labor costs and overhead.

38.    Each hour that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

## INDIVIDUAL BACKGROUND FACTS

### *Plaintiff Chavez*

39.     Defendants employed Plaintiff Chavez to work as a personal assistant and housekeeper from in or about May 1991 to on or about May 11, 2016.  Throughout her employment, but for at least the six-year period pre-dating the commencement of this action, Plaintiff Chavez's duties consisted of cleaning Defendant Morano's house and other apartments, planting, gardening, shopping, assisting Defendant Morano with daily tasks and errands, cleaning homes of Defendants' clients, ironing, washing clothes, and cleaning Defendants' office.  Plaintiff primarily performed these tasks at Defendant Morano's home and at different job sites in Westchester and Manhattan.

40.     From the second week in September until the middle of June each year, Defendants required Plaintiff Chavez to work, and she did in fact work, forty-nine hours per week, consisting of eleven hour days from Monday through Wednesday and Friday, from 8:00 a.m. through 7:00 p.m., and five hours on Saturday, from 8:00 a.m. through 1:00 p.m., without permitting her to take any scheduled or uninterrupted breaks.

41.     From the second half of June until the first week in September each year, Defendants required Plaintiff Chavez to work, and she did in fact work, seven days per week, fifteen and one-half hours per day, from 6:30 a.m. through 10:00 p.m., for a total of 108.5 hours per week, without permitting her to take any scheduled or uninterrupted breaks.

42.     Regardless of the period, Defendants paid Chavez a flat weekly salary of $400.00, which was solely meant to compensate her for her first forty hours of work per week only, and which amounts to an hourly rate of pay of $10.00.

43.    Throughout her employment, Defendants paid Plaintiff Chavez nothing for her time worked each week in excess of forty hours.

44.    By way of example only, during the week of July 6 through July 12, 2015, Plaintiff Chavez worked the following schedule:

Monday: 6:30 a.m. until 10:00 p.m.

Tuesday:  6:30 a.m. until 10:00 p.m.

Wednesday:  6:30 a.m. until 10:00 p.m.

Thursday:  6:30 a.m. until 10:00 p.m.

Friday: 6:30 a.m. until 10:00 p.m.

Saturday: 6:30 a.m. until 10:00 p.m.

Sunday: 6:30 a.m. until 10:00 p.m.

Thus, during that week, Defendants required Plaintiff Chavez to work, and she did in fact work, 108.5 hours.  During that same week, Defendants paid Chavez $400.00, amounting to a regular rate of pay of $10.00 per hour for her first forty hours.  Defendants paid Chavez nothing for the 68.5 hours that she worked over forty that week.  Additionally, Defendants paid Chavez at a rate below the minimum wage rate this week for all hours worked.

### *Plaintiff Escamilla*

45.    Defendants employed Plaintiff Escamilla to work as a landscaper from in or about December 2009 to in or about February 2016.  Throughout his employment, but specifically for the six-year period pre-dating the commencement of this action, Plaintiff Escamilla's duties consisted of gardening, weeding, cutting grass and hedges, planting, cleaning, moving tools and equipment, and moving plants in Defendants' nursery.  Plaintiff Escamilla primarily performed these tasks at different job sites in Westchester and Connecticut.

46.     For the months of March through June each year, Defendants required Plaintiff Escamilla to work, and he did in fact work, seven days per week, consisting of ten and three-quarter hour days from Monday through Sunday from 7:15 a.m. to 6:00 p.m., without permitting him to take scheduled or uninterrupted breaks, for a total of 75.25 hours per week.

47.     For the months of July through February each year, Defendants required Plaintiff Escamilla to work, and he did in fact work, consisting of ten and three-quarter hour days, from Monday through Saturday from 7:15 a.m. to 6:00 p.m., without permitting him to take scheduled or uninterrupted breaks, for a total of 64.5 hours per week.

48.     Regardless of the period, Defendants paid Plaintiff a flat weekly salary of $426.00, which was meant to compensate him for his first forty hours of work per week only, and which amounts to an hourly rate of pay of $10.65.

49.     Throughout his employment, Defendants paid Plaintiff Escamilla nothing for his time worked each week in excess of forty hours.

50.     By way of example only, during the week of April 6 through April 12, 2015, Plaintiff Escamilla worked the following schedule:

Monday: 7:15 a.m. until 6:00 p.m.

Tuesday: 7:15 a.m. until 6:00 p.m.

Wednesday: 7:15 a.m. until 6:00 p.m.

Thursday: 7:15 a.m. until 6:00 p.m.

Friday: 7:15 a.m. until 6:00 p.m.

Saturday: 7:15 a.m. until 6:00 p.m.

Sunday: 7:15 a.m. until 6:00 p.m.

Thus, during that week, Defendants required Plaintiff Escamilla to work, and he did in fact work, 75.25 hours. During that same week, Defendants paid Escamilla $426.00, amounting to a regular rate of pay of $10.65 per hour for his first forty hours. Defendants paid Escamilla nothing for the 35.25 hours that he worked over forty that week. Additionally, Defendants paid Escamilla at a rate below the minimum wage rate this week for all hours worked.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime under the FLSA*

51.    Plaintiffs and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

52.    29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than the greater of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage, for all hours worked exceeding forty in a workweek.

53.    As described above, Defendants are employers within the meaning of the FLSA, while Plaintiffs and FLSA Plaintiffs are employees within the meaning of the FLSA.

54.    As also described above, Plaintiffs and FLSA Plaintiffs worked in excess of forty hours per week, yet Defendants failed to compensate Plaintiffs and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

55.    Defendants willfully violated the FLSA.

56.    Plaintiffs and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of the greater between one and one-half times their respective regular rates of pay or one and one-half times the minimum wage.

57.    Plaintiffs and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

14

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Minimum Wages under the FLSA*

58.     Plaintiffs and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

59.     29 U.S.C. § 206(a) prescribes a minimum wage that employers must pay to their employees for each hour worked.

60.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiffs and FLSA Plaintiffs are employees within the meaning of the FLSA.

61.     As also described above, Defendants did not compensate Plaintiffs and FLSA Plaintiffs at the minimum hourly rate required by the FLSA for all hours worked.

62.     Defendants willfully violated the FLSA.

63.     At the least, Plaintiffs and FLSA Plaintiffs are entitled to the minimum rate of pay required by the FLSA for all hours worked.

64.     Plaintiffs and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's minimum wage provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime under the NYLL and the NYCCRR*

65.     Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

66.     N.Y. Lab. Law § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than the greater between one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage, for all hours worked exceeding forty in a workweek.

67.    As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCCRR.

68.    As also described above, Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

69.    Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times the greater of their respective regular rates of pay or one and-one-half times the minimum wage.

70.    Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCCRR's overtime provisions.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Minimum Wages under the NYLL and the NYCCRR*

71.    Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

72.    N.Y. Lab. Law § 652 and 12 NYCCRR § 142-2.1 prescribe a minimum wage that employers must pay to their employees for each hour worked.

73.    As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCCRR.

74.     As also described above, Defendants did not compensate Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, at the minimum hourly rate required by the NYLL and NYCCRR for all hours worked.

75.     At the least, Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are entitled to the minimum rate of pay required by the NYLL and NYCCRR for all hours worked.

76.     Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and NYCCRR's minimum wage provisions.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Violation of the NYLL's and the NYCCRR's Spread of Hours Requirement*

77.     Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

78.     N.Y. Lab. Law § 652 and 12 NYCCRR § 142-2.4 provide that an employee shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten.

79.     As described above, Defendants are employers within the meaning of the NYLL and NYCCRR, while Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and NYCCRR.

80.     As also described above, Defendants failed to provide Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, with spread of hours pay on each day when their spread of hours exceeded ten.

81.    Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are entitled to recover an hour's pay, at the minimum wage rate, for all days during which their spread of hours worked exceeded ten.

82.    Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' failure to pay the required spread of hours pay.

**SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

83.    Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

84.    N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

85.    As described above, Defendants are employers within the meaning of the NYLL, while Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL.

86.    As also described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, with accurate wage statements containing the criteria required under the NYLL.

87.    Prior to February 27, 2015, pursuant to N.Y. Lab. Law § 198(1-d), Defendants are liable to Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $100.00 for each workweek that the violation occurred, up to a statutory cap of $2,500.00.

88.    On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00.

## DEMAND FOR A JURY TRIAL

89.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a.    A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.    Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.    An order restraining Defendants from any retaliation against Plaintiffs, FLSA Plaintiffs, or Rule 23 Plaintiffs for participation in any form in this litigation;

d.    Designation of this action as an FLSA collective action on behalf of Plaintiffs and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.      Certification of the claims brought in this case under the NYLL and NYCCRR as a class action pursuant to FRCP 23;

f.      All damages that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

g.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

h.      Designation of Plaintiff Escamilla and his counsel as class/collective action representatives under the FRCP and the FLSA;

i.      Awarding Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff Escamilla;

j.      Pre-judgment and post-judgment interest, as provided by law; and

k.      Granting Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief

as this Court finds necessary and proper.

Dated:  November 2, 2017
        Great Neck, New York

                                        Respectfully submitted,

                                        BORRELLI & ASSOCIATES, P.L.L.C.
                                        *Attorneys for Plaintiffs*
                                        1010 Northern Boulevard, Suite 328
                                        Great Neck, New York 11021
                                        Tel. (516) 248-5550
                                        Fax. (516) 248-6027

By:  _____
                                        CAITLIN DUFFY, ESQ. (CD 8160)
                                        ALEXANDER T. COLEMAN (AC 1717)
                                        MICHAEL J. BORRELLI (MB 8533)