UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/23/21

------------------------------------------------------------x
ELSA CHAVEZ, individually only, and CARLO     :
ESCAMILLA, on behalf of himself,              :
individually, and also on behalf of all others :
similarly situated,                           :
        Plaintiffs,                           :   **<u>ORDER</u>**
                                             :
v.                                            :   17 CV 8484 (VB)
                                             :
MORANO LANDSCAPE GARDEN DESIGNS,              :
LTD. And ROSINA MORANO SAGLIOCCO,             :
        Defendants.                           :
------------------------------------------------------------x

      On September 22, 2021, plaintiff Elsa Chavez, proceeding individually only, and defendants in this Fair Labor Standards Act case filed a settlement agreement (Doc. #135-1) and joint statement explaining the basis for the agreement (Doc. #135), as required by <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199 (2d Cir. 2015).

      The Court has reviewed the parties' submissions. The parties' application for settlement approval states "Chavez's release in the Agreement is <u>limited to</u> any wage and hour claims that Chavez has or may have had against Defendants." (Doc. #135 at 4) (emphasis added). Notwithstanding, paragraph 2(A) of the settlement agreement, by its terms, does <u>not</u> limit the release to plaintiff's wage and hour claims. It provides that plaintiff releases defendants "from <u>ANY AND ALL claims</u>, liabilities, promises, agreements, and lawsuits (including claims for attorneys' fees and costs actually incurred) <u>of any nature</u>, including . . . all wage and hour related claims." (Doc. #135-1 at 3) (emphasis added). Moreover, the plaintiff is providing a general release to defendants while defendants are not mutually releasing plaintiff.

      Thus, the Court is not prepared to approve the agreement unless the parties (i) explain the propriety of a non-mutual general release in this case by, for example, explaining what benefit plaintiff will receive in exchange for a non-mutual general release; <u>or</u> (ii) revise the settlement agreement to limit the scope of the general release as described in the parties' motion for settlement approval.

      The parties shall file any supplemental submissions by October 7, 2021.

Dated: September 23, 2021
       White Plains, NY

                  SO ORDERED:

                  Vincent L. Briccetti
                  United States District Judge