UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ELSA CHAVEZ, individually only, and
CARLO ESCAMILLA, on behalf of himself, individually,
and also on behalf of all others similarly-situated,

                    Plaintiffs,          Docket No.: 17-cv-8484 (VB)

    -against-

MORANO LANDSCAPE GARDEN DESIGNS, LTD.,
and ROSINA MORANO SAGLIOCCO, individually,

                    Defendants.
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/20/21

## ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT, SERVICE AWARDS, AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND THE ENTRY OF FINAL JUDGMENT, AND APPROVING THE SETTLEMENT OF PLAINTIFF CHAVEZ'S FLSA CLAIMS AND DISMISSING CHAVEZ'S CLAIMS PURSUANT TO FED. R. CIV. P. 41(a)(2)

      This matter having come before the Court, on consent of all parties, for a fairness hearing on October 20, 2021, pursuant to the Court's Order granting Plaintiff Carlo Escamilla's Consent Motion for Preliminary Approval of the Settlement, Certification of Settlement Classes, Appointment of Named Plaintiff as Class Representative, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of Proposed Notice of Settlement and Class Action Settlement Procedure ("Preliminary Approval Order") (ECF 129), and upon Plaintiff Chavez's consent motion for approval of the parties' settlement to resolve her Fair Labor Standards Act ("FLSA") claims, which the parties submitted to this Court for review and approval on September 10, 2021.

      Upon due and adequate notice having been given to the Class Members as defined below, as required by the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein to determine the fairness of and final approval of the parties' settlement

on behalf of the Named Plaintiff, Opt-in Plaintiffs, and members of the Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 23 settlement classes (together as "Class Members") (hereinafter referred to herein as the "Class Settlement"), and otherwise being fully informed and for good cause shown, the Court finds that the Class Settlement reached by the parties is fair, reasonable, adequate, and in the best interests of the Class Members as defined in the Court's Preliminary Approval Order, and satisfies all requirements of Fed. R. Civ. P. 23(a) and (b)(3), as well as Section 216(b) of the FLSA.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. This Order GRANTING Named Plaintiff Carlo Escamilla's Consent Motion for Final Approval of Class and Collective Action Settlement, Service Awards, an Award of Attorneys' Fees and Expenses, and the Entry of Final Judgment, incorporates by reference the definitions in the settlement agreement.

2. This Court has subject matter jurisdiction over this litigation and all members of the two overlapping settlement classes.

3. After consideration of the evidence, the Court finds that the mailing and distribution of the Notice of Pendency of Class Action Settlement ("Notice"), constituted the best notice practicable under the circumstances, and that such Notice, including individual notice to Class Members whose mailing addresses and other contact information were identified through reasonable effort, or not identified despite reasonable effort, constituted valid, due, and sufficient notice to all persons entitled thereto, complying fully with the requirements of Fed. R. Civ. P. 23 and due process.

4. On behalf of the Class Members, this Court hereby approves the Class Settlement, finds that it is, in all respects, fair, reasonable, adequate, and in the best interest of Class Members, and satisfies the requirements of Fed. R. Civ. P. 23(a) and (b)(3) and *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), and additionally satisfies *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and those factors identified in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). The Court directs that the Class Settlement be consummated in accordance with the terms and conditions set forth in the Preliminary Approval Order and directs all parties to take the necessary steps to effectuate the Class Settlement.

5. The Court has previously certified and now grants final certification to the following settlement classes (together, where appropriate, as just "the Class" or "the Settlement Class") as follows:

    a. under Fed. R. Civ. P. 23(a) and (b)(3), all individuals who worked as a landscaper for Defendants in New York at any time from November 2, 2011 to February 28, 2018;

    b. under 29 U.S.C. § 216(b), all individuals who worked as a landscaper for Defendants at any time from November 2, 2011 to February 28, 2018, and who cash their first settlement check to thereby opt-in to this action.

6. The Court hereby makes the following findings of fact:

(a) Class Counsel has vigorously prosecuted this case and conducted extensive investigation of the governing law, relevant facts, and relevant documents. During the prosecution of the litigation, Class Counsel and Defendants' counsel undertook meaningful and sufficient investigation and the parties exchanged substantial

discovery to fully and fairly evaluate the claims and defenses asserted by the parties and to make an informed decision about the Class Settlement.

(b) The distribution of the Class Settlement is fair, reasonable, and equitable.

(c) Given the disputed issues of fact and law and the risks to the Class, and the further delay that would be caused by continued litigation, including potential motion practice and trial, and the subsequent appeal of any judgment after trial, the Class Settlement if fair, reasonable, and in the best interests of the Class.

(d) Considering the factual and legal issues in dispute, anticipated motion practice, the possibility of trials and appeals, and the expected duration of litigation, the terms and amount offered in the Class Settlement are favorable.

(e) All counsel represented the interests of their clients vigorously and devoted a considerable amount of time, effort, and resources to secure the terms of the Class Settlement, including the plan of allocation and distribution to ensure a fair, adequate, and equitable distribution.

7. Based on those findings of fact, the Court hereby ORDERS as follows:

(a) The terms and provisions of the Class Settlement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, adequate, and in the best interests of the Class, and in full compliance with all applicable due process requirements. The parties are hereby directed to comply with the terms of the Class Settlement and this Order and Final Judgment. Rust is hereby directed to distribute payments to the ninety-seven Class Members in accordance with the terms of the Class Settlement.

(b) The allocation and distribution as set forth in the Class Settlement are final.

(c) Neither the Class Settlement, nor any of its provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission by any party of the truth of any allegations or defenses in this action, or of any liability, fault, or wrongdoing of any kind.

(d) The Named Plaintiff, Opt-in Plaintiffs, and Class Members shall be bound by all of the terms, obligations, and conditions of the Settlement, including but not limited to the release of claims set forth therein, and all determinations and judgments in this action concerning the Settlement.

(e) All Class Members, including the Named Plaintiff and Opt-in Plaintiffs, hereby release Defendants from New York Labor Law wage and hour claims that were asserted or could have been asserted in this lawsuit.

(f) Class Members who cash their first settlement checks will thereby release Defendant from FLSA wage and hour claims that were asserted or could have been asserted in this lawsuit.

(h) The Named Plaintiff and opt-in Plaintiffs Alejandro Vasquez, Augustin Jose De La Cruz, Amilcar Arriola, Fidel Orzuna, Pedro Lombert, Jose Perez, and Severiano Hernandez hereby additionally release Defendants from any and all claims arising from their employment with Defendants in exchange for their service awards;

(i) Having reviewed the appropriate case law, the request for service awards is granted. Rust is hereby ordered to pay Named Plaintiff in the amount of $10,000, and Opt-in Plaintiffs Alejandro Vasquez, Augustin Jose De La Cruz, Amilcar Arriola, Fidel Orzuna, Pedro Lombert, Jose Perez, and Severiano Hernandez in the

amount of $1,500.00 each, apportioned from the Settlement Fund as explained in the Notice.

(j) Having reviewed the appropriate case law and Class Counsel's billing records and having conducted a cross-check with Class Counsel's lodestar calculation, and with no objection from Defendants or any Class Member, the Court finds that Class Counsel's application for attorneys' fees in the amount of $144,855.00, apportioned from the Settlement Fund as explained in the Notice, is fair and reasonable and is granted. Having reviewed Class Counsel's request for reimbursement of out-of-pocket expenses and accounting of all expenses, and with no objection by Defendants or any Class Member, Class Counsel's request for expenses in the amount of $10,271.46, apportioned from the Settlement Fund as explained in the Notice, is granted.

(k) Rust is to be paid $12,812.00 for its administration fees and costs from the Settlement Amount, apportioned from the Settlement Fund as explained in the Notice.

(l) Any unclaimed funds remaining in the Settlement Fund after a second distribution shall be provided as a *cy pres* award to the Lower Hudson Valley Legal Services pursuant to the terms in the Settlement Agreement.

8. ~~The parties' settlement of Plaintiff's Chavez's FLSA claims has been negotiated in good faith at arm's length by the parties through their respective counsel;~~ *VB*

9. ~~The settlement of Plaintiff Chavez's claims, and requested attorneys' fees and costs to Plaintiffs' Counsel, is approved as a fair and reasonable settlement of Plaintiff Chavez's FLSA claims pursuant to Cheeks, 796 F.3d 1999;~~ *VB*

10. Accordingly, all of the claims asserted in this action as to Plaintiff Chavez are hereby dismissed in their entirety with prejudice pursuant to Fed. R. Civ. P. 41(a)(2), without an award of costs or fees to any party except as provided for in the parties' settlement agreement;

11. The Complaint and the claims contained therein against Defendants are dismissed in their entirety with prejudice and the Clerk is directed to close this case, but the Court shall retain exclusive and continuing jurisdiction over the construction, interpretation, implementation, and enforcement over the parties' Class Settlement and over the administration and distribution of the Settlement Fund and Plaintiff Chavez's individual settlement.

12. Final Judgment is hereby entered pursuant to Fed. R. Civ. P. 54 and Fed. R. Civ. P. 58 consistent with the terms of the Settlement Agreement.

SO ORDERED, this 20th day of October, 2021, White Plains, New York.

_____
THE HONORABLE VINCENT L. BRICCETTI
UNITED STATES DISTRICT JUDGE